IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHELAR MITCHELL, | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| -v- | : |
| | : FILE NO. |
| CBE GROUP, INC. , | : |
| Defendant. | : |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1.  This is a civil action brought by Plaintiff Shelar Mitchell ("Mitchell"), an individual, against Defendant CBE Group, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in the course of collecting or attempting to collect consumer debts. Pursuant to the FDCPA, Plaintiff Mitchell requests a declaratory judgment that Defendant's practices violate the FDCPA and seeks an award of actual and statutory damages thereunder together with costs and attorney's fees. Plaintiff also brings a claim against Defendant for violations of the Telephone Consumer Protection Act, ("TCPA") 47 U.S.C. § 227 *et seq.* and the regulations proscribed thereunder, 47 C.F.R. § 64.1200. Under the Georgia Fair Debt Collection Practices Act ("GFBPA"), O.C.G.A. § 10-1-399 *et seq.*, Plaintiff Mitchell brings a supplemental

state law claim against Defendant seeking damages for its "unfair and deceptive acts and practices."

## II. JURISDICTION AND VENUE

2.   Jurisdiction of the Court over this action, and the parties herein, arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Pursuant to 28 U.S.C. §1367, the court has supplemental jurisdiction of the state law claims.

3.   Pursuant to 28 U.S.C. § 1391, venue is proper in that Defendant conducts business in the Northern District of Georgia including collecting and attempting to collect debts.

## III. PARTIES

4.   Plaintiff Shelar Mitchell ("Mitchell") is a natural person who resides in Georgia and is a "consumer" who is allegedly obligated to pay a "debt," as those terms are defined by §§ 1692a(3) and (5) of the FDCPA, respectively.

5.   Defendant CBE Group, Inc. ("CBE") is an Iowa corporation which uses the instrumentalities of interstate commerce or the mails in its principal business which is the collection of consumer debts.  Furthermore, CBE regularly engages in the collection of debts which are owed to others from consumers..  Defendant CBE is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. Ms. Mitchell resides in Atlanta, Georgia and previously resided at 1228 Etworth Street, S.W., Atlanta, Georgia (the "Etworth Street Address") at which address she received cable services from Direct TV.

7. After Ms. Mitchell's Direct TV service was terminated, Direct TV asserted that Ms. Mitchell had a balance on her account and referred the alleged debt to CBE for collections.

8. Ms. Mitchell did not grant Direct TV or CBE permission to contact her on her cellular telephone number (678) XX-XX17 (hereinafter referred to as "Ms. Mitchell's Cell").

9. On September 8, 2014, CBE placed three telephone calls to Ms. Mitchell's Cell.

10. CBE also placed calls to Ms. Mitchell's Cell on September 26, 2014, September 27, 2014 and September 30, 2014.

11. On October 2, 2014, CBE placed a call to Ms. Mitchell's Cell.

12. On October 3, 2014, a representative of CBE representing herself as Beth placed a call to Ms. Mitchell's Cell.

13. Ms. Mitchell spoke with Beth and indicated that she did not owe money to Direct TV and requested that CBE not call her.

14. On October 6, 2014, Ms. Mitchell answered a phone call from CBE to Ms. Mitchell's Cell at approximately 10:55 A.M. and Ms. Mitchell informed CBE's representative that she was at work.

15. During this October 6, 2014 call from CBE, Ms. Mitchell informed CBE that she was normally at work from 9:30 A.M. to 5:30 P.M. and that her employer did not permit her to accept personal calls at work.

16. Despite the information CBE received from Ms. Mitchell regarding her employers limitations on receiving personal calls, on October 16, 2014 CBE called Ms. Mitchell's Cell at approximately 2:00 P.M.

17. On October 17, 2014, CBE called Ms. Mitchell's Cell at approximately 9:00 A.M. and 11:00 A.M.

18. On November 12, 2014, CBE placed a call to Ms. Mitchell's Cell.

19. From September 8, 2014 through November 12, 2014, CBE placed a total of thirteen calls to Ms. Mitchell's Cell.

20. Ms. Mitchell did not provide Direct TV with her cellular telephone number (678) XX-XX17 nor give Direct TV permission to contact her on that number.

21. Ms. Mitchell did not give her cellular telephone number (678) XX-XX17 to CBE nor did she give CBE permission to contact her on that number.

22. At no time has Ms. Mitchell received a letter from CBE informing her of her consumer rights as required by 15 U.S.C. § 1692g(A).

23. Because of Defendant's illegal collection communications, Plaintiff Mitchell suffered actual damages in the form of anger, anxiety, emotional

and mental distress, fear, frustration, humiliation, upset, embarrassment, nervousness, loss of appetite and sleep amongst other negative emotions.

24. Defendant's abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff Mitchell.

25. The acts or omissions of the individual employees of Defendant were done within the scope of their employment with Defendant and for the benefit of the Defendant.

26. The above-detailed conduct of Defendant in harassing Plaintiff Mitchell in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA.

## V. DEFENDANT'S VIOLATIONS OF THE FDCPA

27. Defendant used false, deceptive or misleading representations and means in connection with the collection of a debt by representing to Plaintiff Mitchell that she was indebted to Direct TV in violation of 15 U.S.C. § 1692e.

28. By placing 13 phone calls to Ms. Mitchell Cell Phone, CBE harassed and abused her by repeatedly and continuously engaging her phone with intent to annoy, abuse, and/or harass her in violation of 15 U.S.C. § 1692d(5).

29. In violation of 15 U.S.C. § 1692c(a)(3), CBE communicated with Ms. Mitchell at work after it knew, or had reason to know, that her employer prohibited Ms. Mitchell from receiving personal calls at work.

30. Defendant CBE failed to send Ms. Mitchell the required notice of her consumer rights as required by 15 U.S.C. § 1692g(a) within five (5) days of CBE's initial communication with Ms. Mitchell.

## VI.  CAUSES OF ACTION

### COUNT I -- FAIR DEBT COLLECTION PRACTICES ACT

31. The preceding paragraphs of the Complaint are incorporated herein as if fully set forth.

32. Plaintiff Mitchell is a natural person obligated or allegedly obligated to pay a debt arising from an account with Direct TV and is a consumer within the meaning of 15 U.S.C. §1692a(3).

33. Defendant CBE Group, Inc. is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) of the FDCPA.

34. Within the one year next prior to the filing of the Complaint, Defendant has engaged in debt collecting activities with respect to Plaintiff Mitchell including but not limited to placing telephone calls to Ms. Mitchell's Cell.

35. The alleged debt between Ms. Mitchell and Direct TV arose from a "transaction" within the meaning of 15 U.S.C. § 1692a(5) because the alleged debt arose from Ms. Mitchell obtaining T.V. cable services for personal, family and household purposes.

36. As set forth above, the Defendant's collection activities violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692d(5), 15 U.S.C. § 1692c(a)(3) and 15 U.S.C. § 1692g(a)

37. Plaintiff Mitchell has suffered costs, inconvenience, physical and mental distress, and injury to her peace and feelings as a result of Defendant's repeated, persistent and intentional disregard of her rights under the FDCPA for which conduct Defendant is liable to Ms. Mitchell pursuant to 15 U.S.C. § 1692k(a)(1) for actual damages in an amount to CBE proven at trial.

38. By reason of Defendant's multiple violations of the FDCPA, Plaintiff should be awarded statutory damages in the amount of $1,000.00, plus costs and reasonable attorneys' fees as provided by 15 U.S.C. §§ 1692k(a)(2) and (3) of the Act, respectively.

## COUNT II

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

39. The preceding paragraphs of the Complaint are incorporated herein as if fully set forth.

40. In certain, if not all, of the call to Plaintiff's cellular telephone number, Defendant used artificial or prerecorded voices to deliver messages.

41. The telephone calls initiated by the Defendant to Plaintiff's cellular telephone number were initiated using software capable of predictive dialing.

42. The telephone calls initiated by the Defendant to Plaintiff's cellular telephone number were initiated using equipment that dials telephone numbers.

43. Defendant's dialing equipment, in conjunction with their collection software, has the capacity to store telephone numbers and to dial those numbers at random, in sequential order or from a database of numbers.

44. Defendant's dialing equipment, in conjunction with its software, has the capacity to store telephone numbers and to dial those numbers at random, in sequential order, or from a database of numbers.

45. Defendant's dialing systems have the capacity to dial from a list of telephone numbers without human interaction.

46. Defendant's telephone calls to Plaintiff were initiated using an automatic telephone dialing system.

47. Defendants did not have the prior express consent of Plaintiff to initiate telephone calls to her cellular telephone number using an automatic telephone dialing system.

48. Defendants did not have the prior express consent of Plaintiff to initiate telephone calls to her cellular telephone number using an artificial or prerecorded voice to deliver a message.

49. The telephone calls to Plaintiff's cellular telephone number were knowingly and/or willfully initiated using an automatic telephone dialing system.

50. The telephone calls to Plaintiffs cellular telephone number which used an artificial or prerecorded voice to deliver a message were knowingly and/or willfully initiated.

51. The telephone calls to Plaintiff's cellular telephone number were not initiated by accident or mistake.

52. It was the intent of the Defendant to initiate the telephone calls to the cellular telephone number at issue.

53. The telephone calls to Plaintiff were an annoying nuisance and invaded the privacy interests that the TCPA was intended to protect.

54. Defendant's telephone calls violate the Telephone Consumer Protection Act.

55. Plaintiff has complied with all conditions precedent to bring this action.

56. The acts of Defendant constitute violations of the Telephone Consumer Protection Act.

57. Defendant's violations of the TCPA include, but are not limited to, the following:

>Making and/or initiating telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone

number assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(1)(iii).

58. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

59. In the event that this Court finds that the Defendant's violations were committed willfully or knowingly, Plaintiff requests an award of statutory damages of $1,500.00 for each such violation.

60. The Defendants have acted in bad faith, been stubbornly litigious and/or caused the Plaintiff unnecessary trouble and expense, and Plaintiff requests an award of the expenses of litigation, including a reasonable attorney's fee, pursuant to O.C.G.A. § 13-6-11.

## COUNT III
## **DEFENDANT'S VIOLATION OF THE GFBPA**

61. The preceding paragraphs of the Complaint are incorporated herein as if fully set forth.

62. Defendant CBE's actions in violation of the FDCPA constitute willful and intentional violations of Georgia's Fair Business Practices Act, including but not limited to, the use of unfair or deceptive acts and practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce.

63. As a result of Defendant CBE's actions, Ms. Mitchell is entitled to an award of actual, general, treble and exemplary damages, as well as an award of costs and attorneys' fees.

WHEREFORE, Plaintiff Shelar Mitchell respectfully requests that judgment be entered against Defendant CBE Group, Inc.:

    A. On Count I, for a declaratory judgment that Defendant's practices violate the Fair Debt Collection Practices Act;

    B. On Count I, for actual damages caused Plaintiff Mitchell by reason of Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be proven at trial;

    C. On Count I, $1,000.00 statutory damages be awarded Plaintiff Mitchell pursuant to 15 U.S.C. §1692k(a)(2)(A);

    D. On Count I, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

    E. On Count II, statutory damages be awarded Plaintiff Mitchell for each violation of the TCPA committed by Defendant;

    F. On Count II, statutory damages be awarded Plaintiff Mitchell for each willful violation of the TCPA committed by Defendant;

    G. On Count II, Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

H     On Count III, Plaintiff be awarded actual, general, treble and exemplary damages, as well as an award of costs and attorneys' fees; and

I.     That the Court award such other and further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff Shelar Mitchell hereby demands trial by jury in this action.


        Respectfully Submitted,

        S/Dwight Bowen
        Dwight Bowen
        Georgia Bar Number 071150
        Attorney for Plaintiff
        235 Peachtree Street, N.E., Suite 400
        Atlanta, Georgia 30303
        (404) 880-3310
        (404) 880-3332 (facsimile)
        Dbowen9@aol.com